ESTATE OF HARCOURT JOHNSTONE, CHARLES EDWARD MURRAY ELLIOTT, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26760.   Promulgated October 20, 1952.

*Thomas P. Glassmoyer, Esq.*, for the petitioner.
*John J. Madden, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency in estate tax in the amount of $20,735.87. The only issue presented for decision is whether the interest of a nonresident alien decedent in real property situated in the United States is includible in his gross estate at its full value or at that value less the amount of mortgages to which it was subject. The facts have been stipulated.

The estate tax return was filed with the collector of internal revenue for the second district of New York.

The decedent was a subject and resident of Great Britain. He died in London, England, on March 1, 1945. The decedent, as tenant in common, at the time of his death held an undivided 32.0936 per cent interest in four parcels of real estate situated in New York City. He acquired his only interest in those properties by devise from his mother, Antoinette Eno Johnstone, a British subject who died on July 1, 1934. All of the four properties were then subject to outstanding mortgages.

The stipulation shows, as to each property, its value at the time the mother died, the smaller amount of the mortgage at that time, the fair market value at the time the decedent died, and the reduced amount of the mortgage at that time. The mortgages on the first two properties were extended by agreements, to which the decedent was a party, which specifically provided that he assumed no personal liability beyond that which already existed. Similar statements were contained in letters relating to temporary arrangements for payments affecting the loan on the third property. The mortgage on the fourth property was extended after the decedent's death and the agreement provided that the mortgagee would look only to the mortgaged premises and

to the assets of estates other than that of the decedent for repayment of the loan.

The last will and testament of the decedent's mother contained no directions with respect to the payment of the debts secured by the mortgages on the four parcels of land. The will provided for small bequests and left the remainder of her property to the decedent.

The only issue for decision is whether the value of the gross estate should include the value of real property less the amount of the mortgages, or should include the full value of real property undiminished by the amount of the mortgages but with a portion of the amount of the mortgages allowed as a deduction. Section 861 (a) (1) of the Internal Revenue Code allows the estate of a nonresident alien to deduct only that portion of the unpaid mortgages to be deducted under section 812 (b) (4) which the value of the gross estate situated in the United States bears to the value of the entire estate wherever situated. Section 812 (b) (4) recognizes that there are cases in which the full value of a decedent's interest in property undiminished by mortgages may not be included in the gross estate. It provides that there may be deducted from the value of the gross estate as indebtedness amounts "for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate." Regulations 105, section 81.38 is in part as follows:

UNPAID MORTGAGES.—Deduction is allowed of the full unpaid amount of a mortgage upon, or of an indebtedness in respect of, any property of the gross estate, including interest which had accrued thereon at the time of death, provided the value of the property, undiminished by the amount of the mortgage or indebtedness, is returned as part of the value of the gross estate. If decedent's estate is liable for the amount of the mortgage or indebtedness, the full value of the property subject to the mortgage or indebtedness must be included as part of the value of the gross estate; the amount of the mortgage or indebtedness being in such case allowed as a deduction. But if decedent's estate is not so liable, only the value of the equity of redemption (or value of the property, less the indebtedness) need be returned as part of the value of the gross estate.

That regulation obviously applies to the estate of a nonresident alien It is not clear that it has any other application.

The first argument of the Commissioner is that the decedent's estate, at the time of his death, was liable generally for the amount of the mortgage debts under the laws of New York although the Commissioner concedes that the decedent never became personally liable for any of those debts. Neither the laws of New York nor the decisions cited support that contention. The respondent does not claim and the record does not indicate that there were any properties, other than the four properties in question, owned by the decedent and situate in the United States at the time of his death which he had received from

his mother's estate. He had held the four properties for many years following the death of his mother in 1934. The laws of New York did not impose a liability for any of the mortgage debts, under circumstances similar to those here present, upon any property of the decedent at the time of his death in or out of the United States except that held subject to the mortgages.

. The respondent next seems to argue that his regulation is void. He says to allow the petitioner's contention would be contrary to *City Bank Farmers' Trust Co.* v. *Bowers*, 68 F. 2d 909, certiorari denied 292 U. S. 644, and *Rodiek* v. *Helvering*, 87 F. 2d 328, affirming 33 B. T. A. 1020. He fails to point out where his regulation would have any effect if it does not apply here. His regulation is fair, reasonable, and just in a case like this. The estate tax is imposed upon the value of a decedent's net estate. If a particular debt can be collected only from property mortgaged to secure the debt and not from the estate generally, the full amount of the debt should be excluded even in the case of a nonresident alien, but if it can be collected from the estate generally, and a part of that estate is not being taxed in the United States, then it is appropriate to allow only a proportionate part of the debt to be deducted. The regulation, in conjunction with the sections referred to above, accomplishes this result. The decedent was not personally liable for any of the debts secured by the mortgages on real property situate in the United States nor was his estate generally liable and the Commissioner should apply his regulations.

The decedent, in *City Bank Farmers' Trust Co.* v. *Bowers, supra,* a nonresident alien, owned securities at her death which she had pledged to secure a debt. It was held, in accordance with a specific provision of the then current regulations, that the full value of the securities, rather than her equity of redemption therein, should be included in her gross estate under section 402 (a) of the Revenue Act of 1918 representing her interest in the property and a deduction of a portion of the "unpaid mortgages" should be allowed under section 403 (b) (1). The law and the regulations applicable in that case were different from those applicable here. There was personal liability for the debt (whereas here there is none) and the decision in that case would be the same under the present regulation.

The decedent in *Rodiek* v. *Helvering, supra,* a nonresident citizen who died in 1932, had loaned securities in the United States to a relative and the latter pledged them to a bank as collateral for a loan to him. The estate had to pay the loan of the insolvent debtor in order to obtain the securities. The full value of the securities was included in the gross estate under the provisions of the Revenue Act of 1926 as amended by the Revenue Acts of 1928 and 1932. The facts in that case are not parallel to those in the present case. Section 805 of the

Revenue Act of 1932 had amended section 303 (a) (1) (D) of the Revenue Act of 1926 to contain language identical with that of section 812 (b) (4) of the Internal Revenue Code, and the Court remarked that "a fringe of uncertain exceptions was added, certainly not relevant here." The regulation in effect at that time specifically required the full value of the mortgaged property to be included in the gross estate whereas Regulations 105, section 81.38, which was promulgated after the decision of the *Rodiek* case, requires the present result.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HILL, *J.*, dissenting: Essentially the same issue as is before us here was considered and decided in *City Bank Farmers' Trust Co.* v. *Bowers*, 68 F. 2d 909, affirming 2 F. Supp. 883, and *Rodiek* v. *Helvering*, 87 F. 2d 328, affirming 33 B. T. A. 1020. Thus, it would appear that these cases are controlling here unless there has been a change in the governing statutory provisions.

The applicable law in the *City Bank Farmers' Trust Co.* case was the Revenue Act of 1918. The applicable law in the *Rodiek* case was the Revenue Act of 1926, as amended by the Revenue Acts of 1928 and 1932. In both these cases it was determined, after a consideration of the statutory language of the applicable revenue acts, that the full value of a nonresident decedent's property, undiminished by the amount of any mortgage or pledge thereon, should be included in the gross estate. After an examination of sections 811, 812, and 861 (a) of the Internal Revenue Code, as well as all amendments and changes that have been made in the applicable statutory revenue law since the earlier revenue acts, I am convinced that there never has been any change in the statutory provisions with which we are concerned; furthermore, the only amendment thereto which was of any substance was a change in the provision allowing a deduction for unpaid mortgages appearing in the 1932 Revenue Act. However, this amendment was intended merely to clarify the existing law as is evidenced by the following comment appearing at page 48 of the House Ways and Means Committee Report on the 1932 Act:

This amendment, with one exception, merely clarifies the existing law so far as it relates to an important group of deductions allowable in computing the net estate subject to estate tax. The principal changes made are:

(1) A more definite statement that, in order for a mortgage to be deducted, the full value of the mortgaged property must be included in the gross estate. This change is merely for clarification.

The conclusion must necessarily follow that the *City Bank Farmers' Trust Co.* and *Rodiek* cases control the issue before us.

It appears that the majority opinion's refusal to follow the two cases cited above is based almost exclusively on the fact that a change has been made in a Treasury regulation since the *Rodiek* case was decided. Suffice it to say, I do not agree that the purpose of that regulation, as the majority opinion states, was to create a tax benefit for the estate of a nonresident alien to which benefit the estate would not be entitled under what I deem the correct interpretation placed on the statutory law in the *City Bank Farmers' Trust Co.* and *Rodiek* cases, *supra.* If, however, the majority opinion correctly interprets the intent of the regulation, the latter is, in my opinion, invalid as being contrary to the statutory provisions. I, therefore, dissent.